## Case No. 12,618.

SEDGWICK v. MILLWARD.

[5 N. B. R. (1871) 347.] [1]

District Court, S. D. New York.

BANKRUPTCY—UNLAWFUL PREFERENCE—SHERIFF'S FEES PAID.

Where a creditor takes an unlawful preference by executions and seizes the bankrupt's property, the assignee is entitled to recover from the creditor such property or its value, and in the accounting the creditor is only to be allowed credit for the actual expenses of sale, which does not include the sheriff's fees.

In bankruptcy.

T. M. North, for plaintiff.
F. R. Coudert, for defendant.

BLATCHFORD, District Judge. There can be no doubt that the defendant took, by his executions, an unlawful preference. The debtors were insolvent and procured and suffered their property to be taken on the executions, with intent to give a preference to the defendant as a creditor, and he had reasonable cause to believe that the debtors were insolvent and that a fraud on the act was intended. The assignee is entitled to recover from the defendant the property or its value.

[1] [Reprinted by permission.]            [1] [Reprinted by permission.]

The property has been sold. Under the circumstances in evidence in this case, I must, in the spirit of section twenty-five of the act [of 1867 (14 Stat. 528)], regard the sale of the property in New York, by the sheriff of New York, as having been made under the order of this court, and the proceeds of such sale as the measure of the value of such property for the purposes of the controversy in this suit. The defendant is entitled to be allowed credit for the three hundred and five dollars and seventeen cents paid for expenses of sale, and for the one thousand four hundred and forty dollars and forty-one cents paid over to the assignee, but not for the one thousand five hundred and seventeen dollars and twenty cents paid to the sheriff out of the proceeds for his fees on the execution. In regard to the property in Kings county, the plaintiff is entitled to its value less the expenses of selling it. But it does not appear what such expenses were, nor how the net proceeds, sixty-three dollars and eighty-one cents, were arrived at, nor how much it brought on the sale. I am not satisfied with the estimate of value put upon it in the evidence. What it brought at the sale may, if the condition of the property at the time and the circumstances of the sale be shown, be as good evidence of value as such estimate is. There must be an accounting for such value before a master unless the parties can agree upon it. The defendant cannot be allowed credit for the amount of the fees of the sheriff of Kings county, on the execution to him. The plaintiff is entitled to a decree according to these views, with the costs.